T.C. Summary Opinion 2005-172


UNITED STATES TAX COURT


FREDERICK W. HAAS AND DONNA S. HAAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7524-04S.            Filed November 22, 2005.


Frederick W. Haas and Donna S. Haas, pro se.

<u>Pamela L. Mable</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $6,079 and an accuracy-related penalty under section 6662(a) of $1,216 in petitioners' 2001 Federal income tax. After concessions,[2] the issue is whether petitioners are liable for a 10-percent additional tax under section 72(t) of $5,625. At the time the petition was filed, petitioners resided in Alpharetta, Georgia.

Background

Petitioner (Frederick W. Haas) was a chemical engineer and was employed by various chemical companies. In 1977, he was employed by British Petroleum (BP) and was employed by BP for a number of years. In 1992, he was employed by OHM Remediation (OHM), a leader in the cleaning up of high hazard chemical spills. OHM was bought by IT Corporation (IT) in 1998.

During his years as a chemical engineer petitioner was exposed to various chemicals and became sensitive to various chemicals. In February 2000, petitioner's doctor wrote that petitioner "should avoid direct exposure to known liver toxins. He may, however, participate in site surveys where the level of protection recommended is Level C or Level D." On April 18, 2001, petitioner was told that his physical examination results were in the normal limits range, but he was "restricted from

---

[2] Petitioners concede that they omitted from gross income $1,280 (State income tax refund), $26 (interest income from State Farm Life Insurance Co.), and $254 (interest income from the U.S. Treasury Dept.). Respondent concedes the sec. 6662(a) penalty.

exposure to known liver toxins."

In 2002, IT went bankrupt and petitioner's employment was terminated.  After IT went into bankruptcy, petitioner could not find employment similar to that which he had.  He attended North Georgia College and State University, became qualified as a high school teacher, and became a teacher in August 2003.

During 2001, petitioner withdrew $56,250 from a section 401(k) retirement plan (the distribution).  At that time he had not reached age 59-1/2.  Petitioners reported the distribution on their joint 2001 Federal income tax return, but did not report any additional tax under section 72(t).  Respondent determined that the 10-percent additional tax was due.

<u>Discussion</u>

Section 72(t) provides:

> SEC. 72(t).  10-Percent Additional Tax on Early Distributions from Qualified Retirement Plans.--
>
> (1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan * * *  the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.
>
> (2) Subsection not to apply to certain distributions.--Except as provided in paragraphs (3) and (4), paragraph (1) shall not apply to any of the following distributions:

(A) In general.--Distributions which are--

\*     \*     \*     \*     \*     \*     \*

(iii) attributable to the employee's being disabled within the meaning of subsection (m)(7) \* \* \*.

Section 72(m)(7) provides:

(7) Meaning of disabled.--For purposes of this section, an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinate duration.  An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require.

The regulations provide, inter alia, that to be considered disabled a person is unable to engage in any "substantial gainful activity".  Substantial gainful activity means the activity, or a comparable activity, in which the individual customarily engaged prior to the disability.  Sec. 1.72-17(f)(1), Income Tax Regs.

Petitioners agree that there was a distribution during the taxable year 2001 and that the distribution was taxable.  The question solely concerns whether the section 72(t) additional tax applies.

Petitioners maintain that petitioner was disabled within the meaning of section 72(m)(7) during the year of the distribution. This is somewhat peculiar since petitioner, during the entire 2001 year, was paid a $93,165 salary for his employment with IT. Furthermore, the reports from his doctors provide that, while he

should avoid direct exposure to known liver toxins, he could participate in site surveys with recommended protection, and his physical examination results were within normal limits.

Petitioner points to communications with IT personnel in March and April of 2000 where it was determined that he should not go on certain projects. But also during 2000, he was still going out on projects. In 2002, when IT went into bankruptcy and petitioner became unemployed, we cannot say his unemployment was due to a disability within the meaning of section 72(m)(7). Certainly none of his doctors stated that he was disabled. It may well be that he had medical problems, but we are not convinced that these problems could be expected to result in death or to be of a long-continued duration to keep him from engaging in his customary or any comparable substantial gainful activity.

Petitioners may have been subject to financial hardship during 2001; there is, however, no exception under section 72(t) for financial hardship. This principle has been applied consistently in cases dealing with premature individual retirement account distributions. See Arnold v. Commissioner, 111 T.C. 250, 255 (1998); Gallagher v. Commissioner, T.C. Memo. 2001-34; Deal v. Commissioner, T.C. Memo. 1999-352; Pulliam v. Commissioner, T.C. Memo. 1996-354. As the legislative history of section 408(f), the predecessor to section 72(t), explains, the

purpose of the 10-percent additional tax was to discourage early distributions from retirement plans because "Premature distributions frustrate the intention of saving for retirement". S. Rept. 93-383, at 134 (1974), 1974-3 C.B. (Supp.) 80, 213. Petitioners are therefore subject to the 10-percent additional tax under section 72(t) on the distribution.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent with respect to the deficiency, and decision will be entered for petitioner with respect to the section 6662(a) penalty.